WILLIAM FIELDING

*v.*

ELLEN FITZGERALD *et al.*

*Filed at Springfield October 31, 1889.*

1. AMENDMENT *of answer in chancery — after the hearing — how the application should be supported.* After the trial of the issues in a chancery suit, an amendment of the answer retracting an important admission and presenting a different issue will not be allowed without affidavit or other evidence in support of the application.

2. A bill to contest a will showed that the will had been admitted to probate, and this was admitted by the answer. A trial was had, resulting in a verdict against the alleged will. A motion for a new trial was entered at the same term. At the term following, the motion was overruled, when the proponents moved the court for leave to amend their answer, so as to show that at the trial there was a pending appeal from the order of the county court admitting the will to probate. The motion was not accompanied by any affidavit or other evidence showing the truthfulness of the proposed amendment, and the motion was overruled : *Held,* that the amendment was properly refused, for the reason it was not accompanied with any affidavit or other evidence showing the truth of the proposed amendment.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Mr. JAMES M. GRAHAM, and Mr. T. S. CASEY, for the plaintiff in error :

While the appeal was pending the court of chancery had no jurisdiction to entertain a bill to set aside the will. As soon as the appeal was perfected the order of the county court was vacated and set aside, and the matter would be heard in the circuit court *de novo.* Rev. Stat. chap. 148, sec. 14; id. chap. 37, sec. 59 ; *Poole* v. *Breese,* 114 Ill. 598 ; *Rigg* v. *Wilton,* 13 id. 16 ; *Dodge* v. *People,* 113 id. 493 ; *Luther* v. *Luther,* 122 id. 560 ; Freeman on Judgments, sec. 328, and note ; *In re Storey,* 120 Ill. 249 ; *Edwards* v. *Vandemack,* 13 id. 633.

When the appeal was perfected the contestants had cut themselves off from all relief in chancery until the will was probated. By the appeal the circuit court acquired and the county court lost jurisdiction, and as the hearing in the circuit court is *de novo*, their bill in chancery could not lie. The statute thus expressly gives a remedy for any error committed by the probate court, by an appeal to the circuit court, and the defendants in error had availed themselves of that remedy. *Ennis* v. *Ennis*, 110 Ill. 81; 103 id. 95.

A court of chancery has only such power over wills as the statute gives it, and to be exercised only in the way pointed out by the statute. None of those powers are probate powers. Rev. Stat. chap. 148, sec. 7; *Luther* v. *Luther*, 122 Ill. 560.

Even if there was something tangible for the court to act upon, still it did not obtain jurisdiction of the subject matter, as the court which first obtained jurisdiction would retain it. *Mason* v. *Piggott*, 11 Ill. 86; *Ross* v. *Buchanan*, 13 id. 58; *Chittenden* v. *Rogers*, 42 id. 96; *Rogers* v. *King*, 8 Paige, 210; *Lewis* v. *Mahoney*, 12 Hun, 208; *Groshen* v. *Lyon*, 16 Barb. 401; *Mail* v. *Maxwell*, 107 Ill. 559; 1 Pomeroy's Eq. 114.

Nor could the parties confer jurisdiction of the subject matter, either by neglect or consent, as it is always conferred by law, and not by admissions of the parties or by the pleadings. *Leman* v. *Sherman*, 117 Ill. 657; *Thomas* v. *People*, 107 id. 517; *Foley* v. *People*, Beecher's Breese, 57; *Fahs* v. *Darling*, 82 Ill. 142.

Nor was it necessary that the question of jurisdiction should be raised by the proponents of the will, as it was the duty of the court, *sua sponte*, to take notice of its want of jurisdiction. It was, however, affirmatively brought to the attention of the court by proponents' motion for leave to amend their answer. *Kimball* v. *Walker*, 30 Ill. 503; *Oelrichs* v. *Williams*, 15 Wall. 211; *Richards* v. *Railway Co.* 25 Ill. App. 348; *Pearson* v. *Zebr*, 26 id. 286.

Messrs. PATTON & HAMILTON, and Messrs. PALMERS & SHUTT, for the defendants in error:

The motion for leave to amend the answer was properly refused, because it came too late, and it was a proper exercise of discretion to disallow it.   Leave to amend chancery pleadings is in the discretion of the court, and is not subject to review unless it is clearly an abuse of such discretion. *Booth* v. *Wiley*, 102 Ill. 84; *March* v. *Mayers*, 85 id. 177; *Gordon* v. *Reynolds*, 114 id. 118.

It is a matter of discretion with the court whether it will allow an amendment of an answer, and there is no error in refusing it where no excuse is shown for not putting its matter in the original answer, and its truth is not shown by affidavit. *Higgins* v. *Curtiss*, 82 Ill. 28.

It certainly is not an abuse of discretion for a court to refuse an amendment to an answer tendered after the trial of an issue by jury, and at a subsequent term of the court.

No excuse whatever is shown for not setting up the matter contained in the proffered amendment in the answer to the bill, to which replication was properly filed.   Had the court permitted the amendment there would have been an abuse of judicial discretion, because it would have presented a new issue of fact, which, of itself, would have operated to give a new trial, without regard to the finding of the jury on the issue which had been tried and decided by them.

A defendant has no right to withhold a part of his case, and, after trial and adverse finding, have a rehearing by amending his answer and bringing in matters which he neglected to set up in his original answer, however material they may be to his defense.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill by Ellen Fitzgerald, widow, and certain other persons as heirs-at-law, of Maurice Fitzgerald, deceased, to contest an instrument purporting to be his last will and

testament. The bill was filed under the seventh section of chapter 148 of the Revised Statutes of 1874, entitled "Wills," and it is, among other things, therein alleged, that the said Maurice made his will and died testate, and that after his death, and "on the 14th day of September, 1888, the will was duly probated in the county court of Sangamon county, by William Fielding, the executor therein named; that the said Fielding entered into bond, and took upon himself the duties of such executor." Fielding and certain heirs-at-law of the deceased are made defendants. Fielding filed an answer, wherein he "admits that Maurice Fitzgerald died at the time stated; that he made his will; that the will was duly probated, and that he was named and appointed executor, etc.; that he gave bond as required," etc.

On the 7th of December, 1888, being one of the days of the November term of the court, upon motion of the proponents of the will, the cause was dismissed as to Ellen Fitzgerald and Charles Warner, and thereafter, on the same day, the issue presented by the bill and answer was tried by a jury, who returned a verdict that "the writing produced is not the last will and testament of Maurice Fitzgerald, deceased;" and thereupon the proponents, by their counsel, entered a motion for a new trial, which was overruled by the court. At the January term, 1889, of the court, proponents asked leave to amend their answer by adding thereto the following:

"Your respondents further show, that before the filing of the bill in this cause, to-wit, on the 1st day of October, A. D. 1888, Ellen Fitzgerald, the widow of the said Maurice Fitzgerald, deceased, prosecuted and perfected an appeal from the said judgment of the county court in said cause, [*i. e.,* probating said will,] to the circuit court of said county and State, which said appeal is still pending. And your respondents aver that said appeal, being pending as aforesaid, this honorable court has no power or jurisdiction to hear and determine the allegations in said bill contained."

It does not appear that this was accompanied by any affidavit or other evidence showing its truthfulness. The court overruled the motion.

There is no bill of exceptions, or certificate of evidence properly signed, in the record, and the only question, therefore, that we can consider, is, did the court err in refusing to allow the proposed amendment to be made to the answer?

Waiving all question of the effect of the amendment if it had been allowed, we think the court ruled properly in not allowing the amendment to be made, for the reason that the motion was not accompanied by an affidavit, or any other evidence proving the truth of the matters of the proposed amendment. The answer filed admitted the truth of the allegation that the will had been duly probated. It would, to say the least, be but trifling with the court to allow a party, as here, after proceeding to the trial of the issue presented by his answer, and being defeated therein, upon his mere request, unsupported by any evidence of mistake in his former answer, to take back this admission and present a new issue,—that of whether the will has been probated, within the meaning of that word as used in the section of the statute under which the bill was filed. Such a practice would lead to oppression, and it is clearly beyond any discretion vested in the court. *Maher* v. *Bull, Admx.* 39 Ill. 531; *Higgins* v. *Curtiss et al.* 82 id. 28.

Finding no error in the record, the decree is affirmed.

*Decree affirmed.*