### Sarah Fread v. Benj. F. Fread et al.

1. APPEALS—*Freehold Involved in Decree, but Not Assigned as Error.*—Where a freehold is involved in the original decree, but not in the points assigned for error, the appeal should be to the Appellate, and not to the Supreme Court.

2. CHANCERY PRACTICE—*When Too Late to File a Cross-bill.*—Where a party answers a bill for partition, admitting its allegations, and claiming dower and homestead, and the court has decreed partition, assignment of dower and homestead, in accordance with her claim, and after such party has, on the filing of the commissioner's report, filed a written consent for the sale of the land, and an agreement to take the value of her dower and homestead in money, it is too late to amend her answer and file a cross-bill.

3. SAME—*Cross-bill—When to be Filed.*—A party desiring to file a cross-bill should do so without delay. When filed after the hearing, and without leave, it is properly stricken from the files.

**Bill for Partition.**—Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

### STATEMENT OF THE CASE.

This is a bill for partition, etc., presented by certain heirs of Absalom Fread, deceased, to partition lands in La Salle county and assign dower and homestead to appellant, the widow.

On the 15th of June, 1894, there was filed in the cause a paper executed by appellant, authorizing her attorney, Henry Gunn, to enter her appearance and file an answer consenting to an immediate hearing of the cause. On the 19th of June her answer was filed, and in it she admitted "each and every allegation in said bill contained as fully and completely as though specifically set out and answered thereby," and claimed dower and homestead in the premises. Some of the other defendants answered and some were defaulted.

The cause was referred to the master to take and report proofs, June 22d. Proofs were taken and reported. The cause was heard on the pleadings and proofs June 28th, and a decree rendered finding the interests of the heirs and directing partition between them and assignment of dower and homestead to appellant. June 29th the commissioners reported the premises not susceptible of partition, and that dower and homestead could not be assigned. Appellant then filed her assent in writing to a sale of her dower and homestead, and consented to take in lieu thereof their value in money. A sale was ordered in accordance therewith. A sale was had and reported, which was approved November 10, 1894.

December 1st appellant petitioned the court for leave to file another answer and a cross-bill. The petition was denied. December 28th appellant filed her cross-bill, making all other parties defendants, and charging, among other things, that on August 7, 1867, a portion of the land described in complainant's bill was purchased of one Abigail Fread for the sum of $3,500, and that on said day the bill was duly executed and delivered by the said Abigail Fread to Absalom Fread; that at the time of the purchase of the land she had in her own right about $2,000, derived from her father; that when she and her said husband purchased

the land it was agreed by and between them that she should pay $2,000 of the purchase price, and that she should have and hold an interest in said land for the full amount of the money so paid by her as aforesaid; that she paid to the said Abigail Fread, the grantor in said deed, as a part of the purchase price of the land, said sum of $2,000; that the remaining $1,500 of the purchase money was to be paid in one, two and three years from the time of the purchase; that from the proceeds of said farm and their joint labor she and her husband paid the balance of said purchase money.

January 28, 1895, the cross-bill, on motion, was stricken from the files. March 8th, the master was directed to execute deed and make distribution. March 9th appellant moved for leave to re-file the cross-bill which had been stricken from the files, which motion was denied.

Henry Gunn, attorney for appellant.

McDougall & Chapman, attorneys for appellees.

Mr. Justice Harker delivered the opinion of the Court.

Appellees insist that a freehold is involved in this case, and that the appeal should be dismissed because this court has no jurisdiction of the subject-matter.

It will be observed that the assignment of errors only relates to questions of correct chancery practice, and not to the decree of the court finding the interests of the parties.

Where a freehold is involved in the original decree, but not in the points assigned for error, the appeal should be to the Appellate Court and not to the Supreme Court. Cheeney et al. v. Teese et al., 113 Ill. 444; Walker v. Pritchard, 121 Ill. 221; Malaer et al. v. Hudgens, 130 Ill. 225; Franklin v. Loan & Investment Co., 152 Ill. 345.

After she had answered the bill, admitting all its allegations claiming dower and homestead, and the court had decreed partition of the lands and assignment of dower and homestead in accordance with her claim, and after she had, on the filing of the commissioner's report, filed her written

consent for a sale of the land and agreement to take the value of her dower and homestead in money, we are of the opinion that she came too late with her petition to amend her answer and file a cross-bill.   The course pursued by her has, to us, much the appearance of trifling with the court. A party desiring to file a cross-bill should do so without delay.   If further time is needed after the filing of the answer it should be asked for.   Maher v. Buel, 39 Ill. 531; Fielding v. Fitzgerald, 130 Ill. 437.

The cross-bill in this case was filed after the hearing and after the sale.   It was filed, too, without leave, and was rightfully stricken from the files.

Appellant has no just ground for complaint against the action of the Circuit Court.   Decree affirmed.