Robert B. Jewett *et al.*

*v.*

Truman Sweet.

*Opinion filed February 17, 1899.*

1. Injunction—*when equity will enjoin highway commissioners from cutting ditch.* Injunction will issue to restrain highway commissioners from cutting a ditch through the highway to discharge water upon complainant's land at a point where it would not come in a state of nature, where such action is not necessary for the improvement of the highway, but solely to benefit land owners on the other side of the highway along which an outlet already exists.

2. Equity—*defendant is limited to defenses raised by the pleadings.* A defendant in equity cannot avail himself of defenses appearing from the evidence which are not presented by his pleadings.

*Commissioners of Highways* v. *Sweet,* 77 Ill. App. 641, affirmed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. John C. Garver, Judge, presiding.

Arthur H. Frost, and Robert G. McEvoy, for appellants.

Works & Hyer, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

This was a bill in chancery by appellee for an injunction restraining the appellants, in their official capacity as commissioners of highways, from cutting a certain ditch and waterway through a highway and turnpike road upon which the farm of appellee abuts. Decree as prayed was awarded by the chancellor, and on appeal the decree was affirmed by the Appellate Court for the Second District. This is a further appeal by the said commissioners.

The opinion of the Appellate Court, rendered by Mr. Justice Dibell, is as follows:

"Appellee owns the south-east quarter of the north-east quarter of section 7, in the town of Harrison, in Winnebago county, and a tract of twenty-four acres next south thereof. John Dolan owns land north of appellee. The heirs of Catherine Grattan, deceased, own lands west of Dolan, and own the south-west quarter of the north-east quarter of said section 7. William Bodine owns a twenty-acre tract south of the Grattan lands. The Grattan and Bodine tracts are therefore next west of the two tracts owned by appellee. Between the lands of appellee and Dolan on the one side and of Grattan and Bodine on the other is a north and south highway. About three-eighths of a mile north of appellee's land Otter creek flows in a general easterly direction and crosses the highway, and there is a bridge in the highway at that place. About half a mile directly west from the southern part of appellee's land is a lake or pond, the natural and ordinary outlet of which is due north into Otter creek. In times of high water the pond also overflows in a northerly and easterly direction. Several natural draws or depressions cross the highway south of the creek and carry off these waters. There is one bridge across such a draw opposite the south part of Dolan's land, and three bridges cross three such draws opposite the north part of appellee's land. Some forty years before this suit was begun the then owner of the Grattan and Bodine lands dug a ditch east and west on the north line of Bodine's present land, extending back from said highway eighty rods. Said ditch was dug to carry a part of said overflow off the lands here called the Grattan and Bodine lands and to carry it to the highway. The highway authorities at that time built a sluiceway across the highway at that point to let said waters across the road. At or about that time a ditch was dug in the highway on the east side thereof, which received said waters to a greater or less extent, and conveyed them north to the draws before mentioned. At some time, variously estimated by

the witnesses at from seventeen to thirty years before this suit was brought, the highway authorities closed said ditch on the east side of the highway, took out said sluiceway at the east end of said Grattan and Bodine ditch, turnpiked said road, and dug a deep ditch on the west side of said turnpike, which received the waters from said Grattan and Bodine ditch and conducted them north to said draws and bridges.

"In the spring of 1897 the highway commissioners of said town decided to cut through the turnpike at a point 135 feet north of the place where said old sluiceway had formerly been and 315 feet south of the most southern of the existing bridges, and to put in a bridge across the turnpike at that point, and thus to provide a way across the highway for the water coming from the west and from the Grattan and Bodine ditch, and to discharge said water upon appellee's land at that point. Thereupon appellee began this suit by filing a bill to enjoin the commissioners from cutting through said turnpike and putting in said bridge at that point. He set out the facts as to the location and ownership of the land, the waters and their natural outlets, the bridges already in existence, the Grattan and Bodine ditch and the highway ditches, and he charged that to open said turnpike and put in said bridge would take said waters out of their natural course and cast them upon his lands to the east of said proposed bridge and irreparably injure them. A preliminary injunction was granted and the commissioners answered. Proofs were heard and there was a decree making said injunction perpetual. From that decree the commissioners now appeal.

"The commissioners in their answer do not claim that the proper care of the highway requires the new bridge to be put in and the proposed cut to be made through the turnpike. They do not set up in their answer that the highway, in its present condition and with its present bridges, is in any respect defective or out of repair.

They do not seek to justify their proposed action on the ground that it will in any respect improve the highway. They do not suggest in their answer that they are acting for the public good. Neither in their answer nor their proofs do they deny that complainant's lands will be injured by their proposed course, and they do not offer 'to restore the ditch on the east side of the highway, which was some protection to the land on that side of the road when said former sluiceway was in existence at the end of the Grattan and Bodine ditch. The answer does assert the right of the commissioners to open the turnpike and build the new bridge regardless of its effect upon appellee's land, and it places that claim of right upon two grounds.

"The answer is, first and chiefly, devoted to the claim that the Grattan and Bodine ditch was lawfully dug by the man who then owned the lands west of the road, and that it and the sluiceway across the highway at the end thereof were constructed with the approval of the man who then owned the land east of the road, appellee's grantor; that the highway commissioners ought not to have taken out said sluiceway, and that to do so was a wrong against the owners of the Grattan and Bodine lands; and the highway commissioners here set up and plead the rights which they claim exist in the owners of said lands west of the highway by reason of what occurred forty years before between the adjacent land owners. The Grattan heirs and Bodine are not before the court. They have not asked any relief against appellee. We are of opinion the highway commissioners have no right to injure appellee merely for the purpose of benefiting Bodine and the Grattans. If the Grattans and Bodine have any contract rights or any equities against appellee because of what occurred between their respective grantors when the Grattan and Bodine ditch was dug, that is a matter for the interested parties to litigate, if they desire; but we think the highway com-

missioners should not take it upon themselves to determine those questions, nor to initiate this change in the course of the water and carry on litigation for the benefit of Bodine and the Grattans.

"The answer secondly claims that the natural flow of the water from the west is across the highway at about the point of the proposed bridge and therefore the commissioners may build a bridge there if they choose. We think the preponderance of the evidence is that the water from the lake or pond in question would never reach the place where the commissioners planned to put in the new bridge but for the Grattan and Bodine ditch, which ditch' we think the evidence shows was cut through a rise of ground which would have prevented the waters from the pond coming into a state of nature to the point where it was proposed to locate the new bridge. The result of building such bridge will be to cast upon appellee's land water which would not have come upon that part of his farm in a state of nature, but which would have passed northeasterly over the lands of Bodine and the Grattan's and reached the highway at one of the bridges already in the road. The commissioners have no right to do this, and injunction is a proper remedy to prevent the wrong. *Graham* v. *Keene,* 143 Ill. 425.

"It is argued that to carry this water to the old bridges through the ditch on the west side of the highway is to discharge it where they have no right to carry it. We think the proof shows that is the place the overflow would have reached the highway if the Grattan and Bodine ditch had not been dug, and it is the point to which the highway commissioners have carried it for not less than seventeen, and perhaps thirty, years; and when it crosses the highway at that point it discharges upon the lands of appellee and not upon the lands of some stranger, but at the point where said overflowing waters crossed his land in a state of nature, and where, therefore, he is bound to receive them.

"Some attempt was made by defendants to prove that the condition of the highway was such that this bridge was needed, or that to put in the new bridge would benefit the highway. The rule that a party cannot make one case by his pleadings and a different case by his proofs is applicable to a defendant as well as to a complainant. The defendant is bound to apprise the complainant, by his answer, of the nature of the case he intends to set up, and cannot avail himself of any matter of defense not stated in his answer, even though it appears in evidence. (*Johnson* v. *Johnson*, 114 Ill. 611.) By filing an answer the defendant submits to the court the case made by the pleadings. (*Kaufman* v. *Wiener*, 169 Ill. 596; *Holmes* v. *Dole*, Clarke's Ch. 71.) As the answer in this case does not assert any public necessity for the proposed bridge, nor that the highway will be improved thereby, complainant was not required to meet that defense, and defendants cannot ask a decree in their favor because of any evidence which they introduced on that subject. But the proof shows the commissioners have permitted the ditch on the west side of the road to become filled and clogged up to some considerable extent, and have let willows grow in it, and corn stalks, straw, hay and stubble to accumulate against the willows, to the serious obstruction of the flow of the water, and have let long grass grow under the present bridges. We conclude from the evidence that if the highway commissioners will remove the obstructions in that ditch and under the existing bridges, the proposed new bridge will not be required for the benefit of the highway. We think the answer shows this was not the reason why they planned to cut the turnpike and put in the bridge.

"For the reasons stated the decree of the court below will be affirmed."

We find the conclusions arrived at by the Appellate Court as to the matters of fact involved in the case abundantly supported by the proof. The principles of law

announced in the opinion are in accord with our views. There seems no reason we should indulge in further observations as to the case.

The opinion of the Appellate Court is adopted as the opinion of this court, and its judgment is affirmed.

*Judgment affirmed.*