### DURING THE YEAR 1905.

---

### Chicago, Rock Island & Pacific Railway Company, et al., v. The People, ex rel. R. A. Culter, et al.

#### Gen. No. 4,423.

1. ADMISSIONS—*effect of, contained in answer.* Admissions made in an answer not sought at any stage of the proceedings to be amended, are binding upon the defendants making them.

2. STREET—*what amounts to grant by municipality of an illegal exclusive use of.* The grant by a municipality to a railroad company of a right to construct and maintain tracks, sidings and switches in a public street, and likewise to construct and maintain therein a brick and stone depot, together with other structures, amounts to the grant of an exclusive use of a part of such street, and is illegal.

3. STREET—*limit of power of municipality to grant use of, to railroad company.* The power to grant the right to a railroad company to use a street does not carry with it the power to authorize such company to obstruct the street so as to deprive the public and adjacent property owners of its use.

4. STREETS—*what does not justify illegal grant of use of.* The grant of an exclusive use of a portion of a public street is not justified by the fact that enough of such street is left unobstructed to accommodate public travel, nor by the fact that the business interests of the municipality desire the improvement proposed by the ordinance, nor by the fact that the authorities of the municipality and numerous citizens thereof may have thought that the grant of such use would be to the best interests of the municipality.

5. STREET—*when equity has jurisdiction to restrain illegal use of.* A court of equity has jurisdiction, at the instance of the state's attorney, to restrain the illegal use of a public street by a railroad company,

(306)

where such use, if permitted, would constitute a purpresture or public nuisance.

Injunctional proceeding. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed April 25, 1905.

STEVENS & HORTON, for appellants.

W. V. TEFFT, SHEEN & MILLER, H. MANSFIELD and J. M. RICE, for appellees.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Peoria County declaring void a certain ordinance passed by the City Council of the city of Peoria in November, 1898, and enjoining appellants from exercising any rights or privileges under it. The ordinance gave permission to the Chicago, Rock Island & Pacific Railway Co. and the Rock Island & Peoria Railway Co., their successors and assigns, for a period not to exceed fifty years, in consideration of the annual payment of $500 " to rearrange and reconstruct their existing tracks, and to construct additional tracks, spurs, sidings and switches in and upon Water street and the public grounds lying between Water street and the Illinois river and between Fayette street, produced on the east, and the land owned by said companies at the foot of Fulton street, produced on the west," according to plans shown by a plat attached to the ordinance. The ordinance also authorized said companies " to construct and maintain upon said public grounds, and use, for the purpose of a passenger depot, a permanent stone and brick building with such necessary and convenient sheds, platforms and tracks in connection therewith as the said companies, their successors and assigns, shall deem necessary."

The ground referred to lies between the front of blocks 1, 2, 3 and 4 in the city of Peoria and the Illinois river. It is of irregular width, varying from 200 to 250 feet, and is 1,200 feet long. Said blocks front on Water street which

is a public street and extends in a northeasterly and south-
westerly direction along and parallel to the river front.
For many years prior to the passage of the ordinance, 110
feet of the space between the river front and the blocks
mentioned, and next to said blocks, had been used and trav-
eled as a street. The remainder of the space was, it appears,
pears, not used for travel along Water street, but was used
as a boat landing or levee and, as alleged, as a kind of stor-
age or "dumping ground."

Several years before the passage of the ordinance in
question, by permission of the city, certain railroad tracks
were laid in Water street by appellants upon and along the
southerly side of the 110 feet used for street travel, but
these tracks are not involved in this litigation.

It is contended by appellants in their brief and argument
that Water street embraces only the 110 feet next to the
blocks before mentioned, and that the remainder of the
ground between that and the river front is " ground held
by the city as a levee or land for wharfage purposes."

Appellees contend that all the territory between the
property front on the northerly side of Water street and
the river, is Water street, and the bill asks that the ordi-
nance be declared illegal and void and that appellants be
enjoined from exercising any rights or privileges there-
under.

The bill is filed in the name of the People by the state's
attorney, and a number of individuals, some of whom are
owners of property fronting on Water street and some of
whom are engaged in river traffic as common carriers,
join as complainants and allege that their property and
business are injured and damaged by the use and occupa-
tion of the land in dispute by appellants. It does not di-
rectly aver that all the territory within the limits men-
tioned is Water street. The averments are that it was
held and used and recognized by the city of Peoria " as a
public street and public boat landing, public harbor and
public wharf or public levee."

Appellants by their answer admit "that all of said

ground lying between the present northerly line of Water street as indicated by the curbing and the river, was and is a part of Water street, * * * deny that there was any limit to the width of Water street except such as was contained between what is at the present time the northwesterly line of Water street and the river, but its depth was limited between the boundaries aforesaid," and "deny that any of the land ever was held by the County Commissioners or the county of Peoria or the city of Peoria as and for a boat landing; that such land was, is and ever has been a part of Water street as originally laid out and platted." The answer further denies that the portion of Water street next to the river has been used exclusively as a boat landing and denies that there ever has been any limitation to the width of Water street as cared for by the city of Peoria, or that there ever has been "any recognition of the rights of the river front as a landing place or levee except by sufferance, or that any use thereof has in any manner changed or tended to change the character of the ground or make it anything but a street owned by the city of Peoria and under the control of the city authorities of the city of Peoria to the same extent as any and all other streets of said city."

After replication filed the cause was referred to the master in chancery to take the testimony and report his conclusions of both law and fact. The master found and reported that appellants had taken possession of the strip of ground described in the ordinance, had rearranged and reconstructed their tracks, built new tracks, sidings and switches "and are now using said ground as a railroad yard, for switching, unloading, loading and the storing of freight cars." He further found the ground described in the ordinance is a part of Water street, that "Water street contains all the ground between the front row of blocks and the river or lake, and was granted to the town of Peoria and dedicated by the County Commissioners, who laid out the town, for public purposes." He also finds that all the streets of Peoria were laid out 100 feet in width, except

Water street, which was extended to the river, and that
" the increase in the width of it, by the Commissioners,
clearly indicated their intention to make it serve the pur-
pose of a public landing in addition to its ordinary uses as
a street; that the effect of the ordinance was to give ap-
pellants, without a petition of the owners of more than
one-half of the land fronting on the portion of the street
sought to be taken, the exclusive use and control of the
portion of Water street embraced within its terms for a
period of fifty years, and that the city of Peoria had no
power to dispose of the use, control and occupancy of any
portion of Water street and the public landing which is a
part of the same, as was attempted by the ordinance.  He,
therefore, finds and so reports that the ordinance is void
and recommends that a judgment of ouster be rendered
against appellants.

Appellants filed objections to the report before the master,
who overruled them, and the same objections were filed as
exceptions in the Circuit Court, where they were by the
court overruled and the report of the master approved in
all respects except as to the recommendation that a judg-
ment of ouster be entered.   The court found that the find-
ings of fact reported by the master were sustained by the
pleadings and proofs and decreed the ordinance to be il-
legal and void, that appellants acquired no legal rights by
virtue of it, and that the exercise of their pretended rights
under it created a public nuisance and a purpresture upon
the premises described and granted in and by said ordi-
nance, and perpetually enjoined the exercise of any rights
or powers under or by virtue of it, from which this decree
is prosecuted.

There was no specific objection or exception to the find-
ing of the master that the land in controversy is a part of
Water street.  The nearest approach to it is exception
number one, which is, " That said report is against and is not
supported by the evidence in the case."   Nor is the finding
and decree of the court upon this proposition directly ques-
tioned by the assignment of errors.  Appellants confine the

discussion in their brief and argument almost exclusively to questions of law. They say: "The questions arising are not so much upon any disputed facts, as questions of law."

A material question to be determined in arriving at a decision of this case, is, whether the land embraced in the ordinance is in, and a part of Water street. Whatever of ambiguity there may have been in the allegations of the bill upon that subject, we are of opinion appellants are bound by the numerous and emphatic allegations of their answer above quoted that it is a part of said street. They did not, when apprised of the finding of the master, ask leave of the court to amend their answer on the ground that the admissions were improvidently, or, as stated in their brief, erroneously made, and move the court to direct that the admissions be treated as no part of the record. Having elected to stand by their answer until the final decree was entered, we think they are now concluded by it and cannot be heard to say that the ground in controversy is not a part of the street. Maher v. Bull, 39 Ill. 531; Wood v. Whelen, 93 Ill. 153; Home Ins. Co. of Texas v. Myer, Ib. 271; Fielding v. Fitzgerald, 130 Ill. 437; Jewett v. Sweet, 178 Ill. 96.

Had the city council then, the power and authority by ordinance, and without the petition of a majority of the owners of the frontage, to grant to appellants a part of a public street for the uses and purposes in said ordinance set forth? We do not understand appellants to contend that they would have the right to authorize such use of a public street. They say in their brief and argument: "We lay considerable stress upon the character of the property in controversy, because we do not consider that the same rule applies to it as applies to the streets of a city." Again they say the character of the place in controversy "should make a vast difference in the consideration of the court, because if it is a public street, properly, every citizen has a right to use it throughout its entire length and breadth and height." If we are correct in our conclusion that the pleadings and proofs warranted the

finding of the master and the decree of the court that the disputed territory is a part of Water street, appellants' position on the law in such case renders it unnecessary to cite any of the numerous decisions in this State, that a city holds its streets in trust for the public use and can grant no permanent right to an individual or corporation for its private use to the exclusion of the public. That the use being made and proposed to be made by appellants of this land was exclusive, cannot be doubted from the proofs. The testimony sustains the master's finding that appellants had taken possession of the land and built a number of tracks, sidings and switches "and are now using said strip of ground as a railroad yard for switching, loading, and unloading and the storing of freight cars." Such uses of a street, and the further right to construct a brick and stone depot therein and other structures are inconsistent with public enjoyment, and a deprivation of the right of. the public to use the street. Of course a city has a right within proper restrictions to authorize a railroad company to lay tracks in a public street and operate cars thereon, but the right so to use the street is to be enjoyed in connection with and not to the exclusion of the public. The power to grant the right to a railroad company to use a street does not carry with it the power to authorize the company to obstruct the street so as to deprive the public and adjacent property owners of its use. Ligare v. City of Chicago, 139 Ill. 46. This rule we understand to be applicable to all cases where the fee of the street is in the city. Field v. Barling, 149 Ill. 556. In Chicago Dock Co. v. Garrity, 115 Ill. 155, the court say: "We recognize as unquestionable law that the use of the streets must be for the public, and that no corporation or individual can acquire an exclusive right to their use, or the use of any part of them for private purposes." In Smith v. McDowell, 148 Ill. 51, it was said: "The fundamental idea of a street is not only that it is public, but that it is public in all its parts, for free and unobstructed passage thereon by all persons desiring to use it." The use of the land for the purposes purported

to be granted and authorized by the ordinance, is, in effect, to vacate that portion of the street as a street and devote it to private uses. Even if it were true as contended, that enough of the street is left unobstructed to accommodate public travel, and that the business interests desired the improvement proposed by the ordinance, or that the city authorities and numerous citizens may have thought it would be to the best business interests of the city, this could not justify or authorize the municipality in doing that which the law forbids.

We are of opinion that the uses made and proposed to be made of the street under the ordinance constitute a purpresture or public nuisance, and that equity affords a remedy by injunction at the suit of the state's attorney in behalf of the public. Smith v. McDowell, *supra;* Doane v. Lake St. Elevated Ry. Co., 165 Ill. 521, and cases there cited; Metropolitan City Ry. Co. v. Chicago, 96 Ill. 620. And if it were true, as contended by appellants, that private individuals could not maintain the action, we are unable to see how the right to maintain this bill can be affected by the fact that some individual owners of property fronting on the ground in controversy, and others whose business is claimed to be affected by the use of the street, joined as complainants. This record does not warrant the claim of appellants that the state's attorney is a mere nominal party, lending the use of his name and official character, at the request of the attorneys for an individual.

Believing the decree of the Circuit Court to be right, it is affirmed.

*Affirmed.*