# EDWIN S. HUMPHREY
### v.
# THOMAS CLEMENT.

1. CONTRACT PAYABLE IN GOLD — *construction of a contract.* A contract for the payment of a certain sum of money "in gold," may be discharged by the payment of the same sum in legal tender notes. This rule applies as well in a suit in equity for a specific performance, as in an action at law upon the contract.

2. CHANCERY — *specific performance — of the decree providing against a contingent right of dower.* In a proceeding to compel the specific performance of a contract for the sale and conveyance of land, the court decreed a conveyance, upon payment by the purchaser of $880, the amount due on the contract, and that in case the wife of the defendant should refuse to join in the deed, the purchaser might retain $250 out of the purchase money. *Held,* that this provision in the decree, authorizing the purchaser to retain $250 out of the purchase money, as an indemnity against the contingent right of dower, was erroneous, there being no grounds upon which to base such judicial action.

3. CONTRACTS — *for the conveyance of lands — what must contain — to guard against this contingency.* A contract for the sale and conveyance of lands in order to protect the purchaser against the consequences resulting from a refusal of the wife of the vendor to join in the deed, should specify what proportion of the purchase money he may retain, in the event the wife should refuse to release dower.

APPEAL from the Circuit Court of Bureau county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The opinion states the case.

Mr. J. I. TAYLOR, for the appellant.

Messrs. FARWELL & HERRON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, brought by Thomas Clement against Edwin S. Humphrey, to compel the specific performance of a contract for the sale and conveyance of a tract of land, executed by said Edwin S. to Zopher P. Humphrey, and by the latter assigned to the complainant. The answer admits the making of the contract, and the tender of the purchase

money, when due, in United States legal tender notes, but sets up an agreement by Zopher P. Humphrey to pay the purchase money in gold, and a similar agreement by Clement when the contract was assigned to him. The contract bound the appellant to convey the land by deed of general warranty in fee simple, and the answer also sets up that he has tendered such a deed, which the appellee refused to accept. On the hearing it appeared the reason why appellee refused this deed was because the wife of appellant had not released her dower. The court decreed a conveyance which would vest a perfect title, on the payment by appellee within ten days of $880, the amount due on the contract, and that in case the wife of the appellant should refuse to join in the deed, the appellee might retain $250 out of the purchase money.

The decree for a conveyance was clearly proper. We have already decided in the case of *Whetstone* v. *Colley*, 36 Ill. 328, that a contract for the payment of a sum of money specifically in gold, could be discharged by the payment of the same sum in legal tender notes, and that in a suit upon such a contract, a judgment could only be rendered for the amount due upon its face, which judgment would, of course, be payable in such notes. Notwithstanding this is a bill for a specific performance, we must apply the same rule here. We cannot say, on the law side of the court, that we can recognize no difference between gold and legal tender notes, and on the equity side, that we will recognize a distinction. If Clement paid, or offered pay, the amount due on this contract, on the day it became due, in notes which the law pronounces a legal tender in payment of debts, there at once vested in him a perfect right to a conveyance, and this right a court of chancery must enforce. The sort of discretion which the books speak of as sometimes exercised in cases of specific performance, is not a discretion which justifies the court in disregarding the law, or in saying that is not money which the law says is money. For the purpose of paying a debt, we can recognize no difference between the gold dollar and the legal tender paper dollar, and in this respect equity follows the law.

A more difficult question is presented by the other branch of the case — the provision in the decree authorizing the appellee to retain $250 of the purchase money as an indemnity against the contingent right of dower. The appellee has cited several decisions of highly respectable courts, in which a similar jurisdiction has been exercised. The object is an equitable one, and we would gladly seek to attain it, if we had any grounds, or facts of a definite character, upon which to base a decree and determine the amount to be retained as indemnity. But there are none of such character as to form the proper foundation of judicial action. In fixing $250, or any other sum, the court is simply making a guess — as mere a guess as if we were to undertake to say, whether a white ball or a black would be drawn by lot from an urn containing an equal number of each color. If the husband were dead, the value of the wife's dower might be approximately estimated by the tables of mortality, though even these tables, while furnishing reliable evidence of the value of a considerable number of lives, taken in the aggregate, are but an uncertain guide in fixing the probable duration of any individual life.

But the fact in the present case, which reduces the decree to a mere guess, is, that the husband is still living, of about the same age and health of the wife, and, therefore, with at least equal probabilities of surviving, and yet the court must necessarily base its decree on the theory that the wife is to be the survivor. Yet we have no evidence, or indication even, that such will be the fact, and the foundation for the decree is therefore utterly wanting. While the husband lives, the wife's contingent right of dower is not an incumbrance on the land. No recovery could be had because of such prospective dower on the covenants in the deed. How then can $250 of the purchase money be withheld? On this decree, as rendered, Clement gets the land, and keeps nearly one-third the purchase money. No security is required of him for its payment on the death of the wife, or in the event she should hereafter release her dower, nor is Clement required to pay interest upon the money. These, it is true, are defects in the decree which might

be remedied, but, as already remarked, we regard the decree as wrong in principle. It is an instance in which a court of chancery, in an extreme anxiety to do equity, really does a wrong, for want of the means with which to act. Clement certainly ought not to be compelled to take a title with a cloud upon it when he has bargained for a perfect one, and no court would compel him to take such title. But, on the other hand, when he comes into court and asks for a decree, the court should not attempt to go beyond its power. It can give him the husband's title, but it cannot compel the wife to release her dower, and it cannot decree compensation when there is no basis whatever for determining the amount.

Clement must take his deed and rely upon its covenants. This is all the remedy the court can furnish. A purchaser of land, who takes only a contract, should, in order to protect himself against such a contingency as that presented by this record, cause to be inserted in the contract a clause providing what proportion of the purchase money shall be retained as compensation, in case the wife refuses to release dower. The decree of the Circuit Court will be modified in conformity with this opinion, and the cause is remanded for that purpose.

*Judgment reversed.*