## JAMES E. COWAN

*v.*

## TERESA KANE *et al.*

*Opinion filed October 24, 1904.*

1. COVENANTS—*inchoate right to dower is an encumbrance.* An inchoate right to dower is an encumbrance, within the meaning of the terms of a general warranty deed.

2. SPECIFIC PERFORMANCE—*party not required to accept a deed subject to inchoate right of dower.* A proposed purchaser of land who has contracted for a title free from encumbrance is not required to accept a deed subject to an inchoate right of dower, but he is entitled, if he so elects, to such a deed as the seller can give, with a proportionate abatement of the price if the amount of the deduction can be ascertained.

3. SAME—*value of an inchoate right of dower cannot be determined by master.* The value of an inchoate dower interest, even if it could be ascertained, cannot be determined by the master in chancery, since such question involves the exercise of judicial power.

4. SAME—*when deduction cannot be made for inchoate dower interest.* In ordering specific performance of a contract for the sale of land which does not fix a sum as liquidated damages for failure of the wife to join in the deed, the chancellor has no power to provide for a deduction from the purchase price of any sum as the value of the inchoate right of dower.

5. SAME—*when specific performance cannot be decreed.* Specific performance of a contract to convey land cannot be decreed where the party who in fact made the contract and who was the only party in interest is not a party to the suit, it being proved that the nominal purchaser had no interest in the contract and knew nothing of it or its terms.

6. SAME—*correct practice where seller's wife refuses to sign deed.* In the absence of any provision in a contract for the sale of land fixing a sum as liquidated damages for failure of the seller's wife to sign the deed, the court, on application for specific performance by the purchaser, can only require the seller to convey, and must leave the purchaser to rely on his covenants of warranty.

7. EVIDENCE—*value of inchoate right of dower cannot be determined by mortality tables.* The value of an inchoate right of dower cannot be approximately ascertained by the use of mortality tables.

8. PARTIES—*one having substantial beneficial interest should be made party to suit in equity.* One having a substantial beneficial interest in the subject matter of a suit in equity should be made a party to the suit.

APPEAL from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

HORACE KENT TENNEY, and JAMES H. WILKERSON, for appellant.

ALEXANDER SULLIVAN, EDMOND MCMAHON, and F. L. KRIETE, for appellee Teresa Kane.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, James E. Cowan, filed his bill in this case in the superior court of Cook county against the appellees, Teresa Kane, and William A. Pridmore a real estate agent, praying that a contract purporting to be made by Cowan and Teresa Kane for the conveyance by him to her of two lots in Chicago for $10,000, and appearing of record in the recorder's office of said county, should be declared null and void and delivered up for cancellation and be removed as a cloud from his title because of fraud in procuring its execution by him and because it was not executed by her or by her authority. The bill was answered and Teresa Kane filed her cross-bill, setting out the alleged contract, averring that she appointed Richard Curran as her agent and authorized him to sign her name to the contract, and praying for a specific performance thereof. Cowan answered the cross-bill, again alleging false and fraudulent representations of Pridmore; denying the execution of the contract by Teresa Kane and the alleged agency of Curran; alleging that any authority of Richard Curran to act as agent was not in writing and was void under the Statute of Frauds, and insisting that Curran was the principal and that Teresa Kane was not the real party in interest. The chancellor heard the evidence, and entered a decree finding that the contract was signed by Curran for Teresa Kane by virtue of oral authority; that while the property was to be taken by Teresa Kane in her own name, it was to be held for the sole use and benefit of Curran, and

that it was intended the covenants contained in the contract to be performed on the part of Teresa Kane were in truth and in fact to be performed by Curran. The contract provided for a deposit of $500, a payment of $2500 on delivery of the deed, and the execution of a mortgage or trust deed for $7000, due on or before six months from date. There was evidence that the deposit was made and that a check for $2500 was afterward offered to Pridmore and withdrawn after a few days, and on the hearing before the chancellor $9500 in currency was tendered to Cowan for the balance of the purchase money over the $500 deposited with Pridmore. The chancellor found and recited in the decree that Curran made these tenders and payments from his own funds, and it was ordered that the contract be specifically performed; that Cowan execute and deliver to Teresa Kane within thirty days, upon a tender of the balance of the purchase money due or to be found due under the provisions of the decree, a good and sufficient general warranty deed conveying title in fee to the premises described in the contract; that upon delivery of such conveyance Teresa Kane should pay to Cowan the sum of $9500; that if Cowan should not execute a deed including the dower of his wife, the value of her dower should be ascertained by a master in chancery, and that the value so ascertained should be deducted from $9500, and a conveyance of the interest of Cowan should be executed by the master in chancery divesting him of all his title to the real estate and conveying the same to Teresa Kane upon payment to the master, for the use of Cowan, of such sum as should be so found due.

The decree must be reversed. The alleged contract provided for a conveyance by a good and sufficient general warranty deed conveying good title to the premises. Cowan has a wife having an inchoate right of dower, and such a right is an encumbrance within the terms of a general warranty deed. (*McCord* v. *Massey,* 155 Ill. 123.) When a party has contracted for a title free from encumbrance he is not required to accept a deed subject to an inchoate right of

dower, but if he is willing to accept a part performance he may do so, and the seller will not be permitted to take advantage of a defect in his title. The purchaser is entitled, in equity, to such a deed as the seller can give, with a proportionate abatement of the price if the amount of the deduction can be ascertained. That question, however, can never be referred to a master in chancery for his determination. That would be the exercise of judicial power, which a chancellor cannot confer upon a master in chancery. He is but a ministerial officer, and a chancellor alone can determine and adjudge the rights of parties. It was held in *Wilhite* v. *Pearce,* 47 Ill. 413, that a master in chancery has no right to determine the amount of a lien upon the land involved in a partition suit for want of power to adjudicate any question; and in a suit for the foreclosure of a mortgage, where a portion of the mortgage debt was due and a portion was not yet due, it was held that the court had no power to order a master in chancery to sell if default should be made in the payment of the notes to become due, and that to sustain such a decree would be, in effect, to allow the master to find the amount due and proceed to execute his decree. (*Hards* v. *Burton,* 79 Ill. 504.) If the value of the inchoate right of dower could be ascertained, it would be error to permit a master in chancery to adjudicate that question and execute a conveyance on the basis of his decision.

But in ordering the specific performance of a contract for the sale of land which does not fix a sum as liquidated damages for the failure of the wife to join in the deed, the chancellor has no power to provide for a deduction from the purchase money of any sum as the value of the inchoate right. This was decided in *Humphrey* v. *Clement,* 44 Ill. 299. The court expressed a desire to approve such a decree if the necessary facts existed upon which to base it, but decided in fixing any sum the chancellor would simply be making a guess; that such a decree was wrong in principle; that a purchaser could not be compelled to take a title with a cloud upon it when his agreement was for a perfect one,

but the court could not go beyond its power and the purchaser must take the deed and rely upon its covenants. The court, in considering the nature of an inchoate right of dower, in the case of *Kauffman* v. *Peacock,* 115 Ill. 212, said that whether it would ever become more than an expectancy would depend upon a fact which might never occur,—that the wife should survive the husband and become entitled to dower; and that the inchoate right is not property which can be measured, and does not become property until the death of the husband. In attempting to support the decree, counsel say that a computation can be made upon the basis of the mortality tables. Such tables are used more from necessity than because they are a reliable guide in fixing the probable duration of any individual life, being mere averages of many lives, but we know of no tables by which the value of an inchoate right of dower can be approximately estimated. If Cowan were dead and his wife surviving, mortality tables might be used as the best means of determining the value of her dower, but as they are both living, the chancellor would have to base his estimate on the supposition that she was to be the survivor, and if that could be done in any case, there is no evidence whatever in this record upon which even a surmise could be founded. It would be carrying the use of mortality tables to an unwarranted extent to apply them in such a case to determine substantial rights. There was evidence tending to prove that Mrs. Cowan refused to sign the deed, and if so, the court could only require the husband to convey and leave the purchaser to rely upon his covenants of warranty.

A reversal is also necessary because it was proved, and the court found, that the party who made the contract in fact and the only party in interest was Richard Curran, who was not a party to the suit. Pridmore, the real estate agent who made the sale, never saw Teresa Kane. She never saw the property, did not know the terms of the contract and did not advance the money deposited with Pridmore, nor offer the check of $2500 to him, nor tender the $9500 on the hearing.

None of the money belonged to her, and all that is claimed
is, that she authorized the use of her name by Curran, the
real purchaser, without the slightest interest in the contract
or any expectation of interest in the property when conveyed.
Curran signed her name to the contract, and the only author-
ity he had was stated by him as follows: "I told her we
were buying the corner and were using her name for it, and
I would sign the contract and was it all right, and she said,
yes, go right ahead; anything I wanted to do, do it." As
a general rule, the only parties necessary in a suit for the
specific performance of a contract are the parties to the con-
tract, (*Washburn & Moen Manf. Co.* v. *Chicago Galvanized
Wire Fence Co.* 109 Ill. 71,) and the fact that the purchaser
is a trustee and pays the purchase money from a trust fund
would not prevent enforcing specific performance of his con-
tract. (*Gibbs* v. *Blackwell,* 37 Ill. 191.) But in this case
Curran was the actual purchaser and made the contract,
and the evidence showed that Teresa Kane had no interest
in it, knew nothing about it or its terms or the property,
and was not the real purchaser. The decree recites that the
covenants were intended to be binding on Curran and be
performed by him, and whatever performance there was was
by him. He was not acting as agent for her in transacting
her business, but was acting for himself. Here was one not
a party to the suit, performing the contract, in part, in his
own interest, and on the trial tendering $9500 as a perform-
ance of the remainder. Cowan is not attempting to hold her
as one who is apparently the principal, but insists that she
repudiated the contract and disavowed the authority of Cur-
ran. The suit is in equity, and the party having the sub-
stantial beneficial interest in the subject matter should be a
party to the suit. (*Elder* v. *Jones,* 85 Ill. 384; *Smith* v.
*Brittenham,* 109 id. 540.) The real matter in controversy
is between Cowan and Curran.

Perhaps it would not be necessary to go further into the
merits of the case if the parties in interest were before us,
in view of the probability that the parties would not desire

a deed with covenants of warranty but without release of dower. Cowan, in his letters, gave as a reason for not executing the deed that his wife refused to join in it, and perhaps he might be willing to give such a deed as the court can require. But however that may be, we will not decide the merits of the controversy while the real party in interest on one side is not a party to the suit.

For the errors indicated, the decree is reversed and the cause is remanded to the superior court of Cook county for further proceedings not inconsistent with the views herein expressed.                              *Reversed and remanded.*