JOHN BARTAK, Defendant in Error, vs. JOSEPH ISVOLT, Plaintiff in Error.

*Opinion filed December 17, 1913—Rehearing denied Feb. 5, 1914.*

1. JUDGMENTS AND DECREES—*decree is subject to revision during the term.* Even though a decree has been signed by the chancellor it remains ambulatory until the end of the term, and during the term it may be revised or modified, on motion, in furtherance of the ends of justice.

2. SPECIFIC PERFORMANCE—*when purchaser must accept a deed not signed by vendor's wife.* If the purchaser accepts a contract for the sale of land signed only by the vendor, who was the owner of the fee, and which contains no provision that the deed shall be signed by the vendor's wife, the purchaser is bound to accept a deed signed by the vendor, alone, and pay the full purchase price, thus leaving him to rely upon the covenants of the deed to protect him against the dower interest of the wife in case she survives her husband.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

LINDHOUT & LINDHOUT, for plaintiff in error.

JOHN C. TRAINOR, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

John Bartak filed a bill in the superior court of Cook county against Joseph Isvolt to obtain a decree for the specific performance of a written contract for the sale of real estate. The contract, which is made an exhibit to the bill, was executed on the 18th day of January, 1911, and recites that in consideration of $2700 Isvolt covenanted to convey lots 47 and 48, in block 150, in Chicago Heights, subject to an existing lease which expired May 1, 1911, with a privilege to the lessee of renewing the same for the term of two years from the date of the expiration of the lease. It was provided in the contract that in case the lessee exercised its option to renew the lease the purchaser should re-

ceive the rents. The contract further recited that $100 in cash had been paid on the purchase money, and that the further sum of $2600 was to be paid within five days after the title had been examined and approved, at the office of Craig A. Hood. The vendor, under his agreement, obligated himself to furnish a complete merchantable abstract of title brought down to date, and to convey, free and clear of all encumbrances, a fee simple title, subject to the lease above referred to. The bill alleges that by mutual agreement the time for the performance of said contract was extended, and that before the extension expired the vendee tendered the vendor the balance of the purchase money and demanded a deed in accordance with the contract. It is alleged that there was a mortgage securing four promissory notes of $400 each upon the premises, which was in full force, and that the vendor refused to accept the purchase money and to make a deed in accordance with the terms of the agreement. The bill also alleges that Bartak was in possession of said premises as a sub-lessee of the Val Blatz Brewing Company at the time the contract was made, and it is alleged that the brewing company gave notice, before the expiration of its lease, that it would not avail itself of its right to a renewal of the lease, and that the lease, by its terms, expired on May 1, 1911. It is further alleged that as a part of the extension agreement it was mutually stipulated that the purchaser should remain in possession of the premises and that he might make any improvements thereon that he desired, and that in pursuance of this extension Bartak made valuable and lasting improvements on said premises at a cost of about $900. The bill was answered and the cause referred to a master in chancery to take and report the proofs, together with his findings of facts and conclusions of law. The master took the evidence and made a report, finding that the allegations of the bill were true and that the complainant was entitled to a decree in accordance with the prayer of his bill. All

exceptions to the report were overruled, and upon a hearing before the superior court a decree was entered approving the master's report and decreeing a specific performance of the contract by the execution, within five days from the entry of the decree, of a good and sufficient warranty deed conveying the title of said real estate to Bartak in fee simple. The decree directed the payment, out of the balance due for purchase money, of the amount due upon the mortgage and the costs which Bartak had paid, the balance of the purchase money to be paid to Isvolt upon the delivery of the deed. During the term of court at which this decree was entered Isvolt made a motion to vacate and set aside the same and presented some affidavits in support of the motion. This motion was overruled and defendant below excepted, and he was allowed an appeal upon his filing bond in the sum of $1600, with approved security, within thirty days, and sixty days was allowed for a certificate of evidence. No appeal was perfected under this order and no certificate of evidence was filed. The record has been brought to this court for review by a writ of error.

In the affidavit filed by plaintiff in error in support of his motion to vacate the decree it is stated that he had requested his wife to join him in a deed to defendant in error and that she had refused. The statement in his affidavit on this subject is, "that this affiant asked his wife to sign said deed and that she refused to sign said deed." It also appears from the affidavits presented, that after the rendition of the decree plaintiff in error tendered defendant in error a warranty deed signed only by himself, together with a deed of release from the mortgagee releasing the premises from the mortgage, and that upon the tender of these instruments plaintiff in error demanded that the balance of the purchase money be paid to him, and that defendant in error refused to accept the deed because it was not signed by plaintiff in error's wife. The affidavits filed also show that a warranty deed signed by plaintiff in

error alone, together with a deed of release from the mortgagee, was tendered to the attorney for defendant in error, and that the attorney refused to accept the same, and stated as his sole reason for so refusing that the wife of plaintiff in error had not signed the deed. There was no contradiction of the affidavits presented on motion to vacate the decree. Apparently the court below was of the opinion that defendant in error was not required to accept a deed, under his contract, unless it was signed by the wife of plaintiff in error. The wife of plaintiff in error was not a party to the contract and was not bound by its terms, and the court could not require her to sign the deed. Defendant in error accepted this contract signed only by plaintiff in error and had no provision inserted to protect himself from the contingency which has happened. Under these circumstances he is bound to accept the deed tendered him without the wife's signature, and rely on its covenants to protect him against the possible claim of dower that will accrue to the wife should she survive her husband.

In *Humphrey* v. *Clement,* 44 Ill. 299, this court had under review a decree for specific performance of a contract for the sale and conveyance of real estate which was signed only by the husband, who was the owner of the fee. The contract there bound the vendor to convey by deed of general warranty, in fee simple. The answer set up the tender of a deed signed only by the husband, which had been rejected by the vendee solely because the wife had refused to sign the same and had not otherwise released her dower. The court below entered a decree deducting $250 from the amount due on the contract as the estimated value of the unreleased dower and then required the purchaser to accept the deed without the release of the wife's dower. That portion of the decree directing the retention of $250 by the purchaser was modified so as to require him to accept the deed unconditionally and to pay the vendor the full amount of the purchase money. The ground of the deci-

sion was, that the purchaser having failed to protect himself against the contingency presented in that record by a proper clause in the contract had no remedy in a court of equity, and that he was required, under his contract, to accept the deed if otherwise free from objections and rely on its covenants to protect him from the wife's dower, should it ever become a claim. The same question arose again in *Ebert* v. *Arends,* 190 Ill. 221, and the decision in *Humphrey* v. *Clement, supra,* was approved. This court, speaking by Mr. Justice Magruder, on page 234 said: "The vendee, in cases like the one at bar, must take his deed without the execution thereof by the wife and rely upon its covenants. If a purchaser of land desires to protect himself against the dower of the vendor's wife he should provide against it in his contract." See, also, *Cowan* v. *Kane,* 211 Ill. 572.

If the facts shown by the affidavits that were presented in support of the motion to vacate the decree had been before the court on the hearing they would have necessarily influenced the court in rendering a different decree from the one entered. The fact that they were not presented until after the entry of the decree can make no difference. It was during the same term of court, and although the decree had been signed by the judge a few days before, it was nevertheless ambulatory until the final adjournment of the term and subject to revision and modification in furtherance of the ends of justice.

The decree of the superior court of Cook county will be reversed and the cause remanded to that court, with directions to so far modify its decree as to require defendant in error to accept the warranty deed executed by plaintiff in error upon the delivery of the deed of release of the mortgage encumbrance. Since it appears that plaintiff in error did not make the tender of the deed and the release of the mortgage encumbrance until after the decree had been entered against him below he will be required to pay all the costs in the court below which accrued prior to the

tender of the deed. Defendant in error will pay the costs in this court. If defendant in error fails or refuses to pay the balance of the purchase money, less the costs in the circuit court which may be paid by him and deducted from the amount due, within a reasonable time to be fixed by the court below, upon the delivery of a warranty deed signed by plaintiff in error and the deed of release above referred to, then in such case the superior court is directed to vacate the decree for specific performance and dismiss defendant in error's bill.

*Reversed and remanded, with directions.*