# Clinton C. Firebaugh, Appellee, v. Charles W. Wittenberg, Appellant.

1. VENDORS AND PURCHASERS—*proof of delivery of contract to purchaser.* In a proceeding by the purchaser to recover the portion of the purchase price which he had paid on a contract to buy land and to enforce a vendee's lien on the land therefor, an absolute delivery of the contract in question to the purchaser is shown as against the vendor by evidence of delivery of the contract to the purchaser, payment by him of that portion of the purchase price which was required to be paid at the execution of the contract and that thereafter the vendor offered to deliver to the purchaser an executed and acknowledged warranty deed conveying the title of the land in question to the purchaser.

2. VENDORS AND PURCHASERS—*inadmissibility of contemporaneous verbal agreement to defeat written contract of sale.* Proof of a contemporaneous verbal agreement that a contract for the sale of land although executed and delivered should not be effective unless the purchaser named therein procured for the vendor a certain specified farm which the vendor was desirous of buying, or at least an enforceable contract for the purchase of such farm is inadmissible in action on such written contract.

3. VENDORS AND PURCHASERS—*tender of deed by vendor without wife's signature as performance of contract to convey.* A contract for the conveyance of real property "by good and sufficient warranty deed" is sufficiently complied with by the vendor where, upon tender to him of the balance of the purchase price at the time stipulated in the contract by the purchaser, he tendered to such purchaser a warranty deed executed by himself alone conveying the title of the land in question to the purchaser, where the contract is not signed by the vendor's wife and contains no provisions obligating her to sign the deed.

4. VENDORS AND PURCHASERS—*when vendor may have contract of sale canceled of record as cloud on title.* In a proceeding by a purchaser to recover portions of the purchase price of land paid by him to the vendor and to impress the land in question with a vendee's lien for such payments, the vendor, upon proof of a proper tender of performance by him in compliance with the terms of the contract and a refusal without excuse of the purchaser to accept such tender, is entitled, under his cross-bill praying for such relief, to have the contract in question canceled of record, upon repayment by him to the purchaser of the amount of the purchase price which such purchaser had paid.

Appeal by defendant from the Circuit Court of Shelby county; the Hon. William B. Wright, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded with directions. Opinion filed October 25, 1922. Rehearing denied December 19, 1922.

Whitaker, Ward & Pugh and E. A. Richardson, for appellant.

Bryan H. Tivnen and Chew & Baker, for appellee; Thomas R. Figenbaum, of counsel.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

This suit was commenced by the appellee, Clinton C. Firebaugh in the circuit court of Shelby county against the appellant, Charles W. Wittenberg, to recover damages for an alleged breach of contract for the sale of a forty-acre farm to appellee. A suit in equity was also instituted by the appellee to enforce a vendee's lien, which he claimed to be entitled to, for part of the purchase money paid by him for the farm in question. The bill alleges that on the 10th day of July, 1919, the appellant was the owner of the farm, and that on that day he sold it to the appellee for the sum of $12,020, and that the transaction is evidenced by a certain contract in writing, which is as follows:

"Articles of agreement made and entered into this 10th day of July, 1919, at Windsor, Illinois, by and between Charles W. Wittenberg, hereinafter known as the party of the first part, and C. C. Firebaugh, of Windsor, Illinois, hereinafter known as the party of the second part; Witnesseth:

"The party of the first part has this day sold unto the party of the second part, the following described land and agrees to convey same by good and sufficient warranty deed and merchantable abstract of title to the party of the second part on the date of the final settlement:

"The lot, piece or parcel of ground situated in the

County of Shelby and State of Illinois, known and described as follows: Commencing 76 links north of the southwest corner of the southwest quarter of the southeast quarter of section 35, town 12 north, R. 5 east of the 3rd P. M., thence north eight minutes east 19.26 chains, thence south 88 degrees and 45 minutes each 20.04 chains, thence south 6 minutes west 5.62 chains, thence north 82 degrees east 11.42 chains, thence south 14 degrees east 4.34 chains, thence south 75 degrees and 30 minutes, west 12.88 chains; thence south 6 minutes west 1.70 chains, thence south 75 degrees 30 minutes west 20.66 chains to the place of beginning, containing 39.21 acres, more or less. This is to convey lands lying north of the C., C., C. & St. L. R. R. and no other. The party of the first part further agrees to pay the taxes on the above described premises for the year 1919 and give possession thereto on March 1st, 1920. The party of the first part also agrees to deliver the telephone now on the premises to the party of the second part, but reserves one hay carrier now in the barn which belongs to G. T. Turner.

"Now for, and in consideration of the covenants and agreements herein contained on the party of the first part, the party of the second part agrees to pay unto the party of the first part for the above described premises, the sum of twelve thousand twenty dollars, payable as follows:

"Two thousand dollars cash in hand, the receipt whereof is hereby acknowledged.

"The balance or ten thousand twenty dollars in cash on March 1st, 1920. Witness our hands and seals on the day and year first above written.

CHARLES W. WITTENBERG (Seal)<br>CLINTON C. FIREBAUGH (Seal)"

It is further alleged that upon the execution of the contract by the parties the appellee paid the appellant, as required by the terms of the contract and as a part of the purchase price of the farm, the sum of $2,000; that thereupon the appellee filed the contract for record in the recorder's office in Shelby county; that appellant was on the 1st day of March, 1920, and

has continued since that time to be the owner of the farm, but this ownership is alleged to be subject to a trust lien of the appellee. It is averred concerning the written contract that the appellant agreed to convey the farm in question to the appellee by a good and sufficient warranty deed on the 1st day of March, 1920, and that the appellee on said day demanded a good and sufficient warranty deed, but that appellant refused to deliver the same, and that the appellant at no time has delivered, or offered to deliver, such a deed; that appellant has held the $2,000, and that though the appellee has demanded the same and has commenced a suit in assumpsit against him, in which suit he has asked damages for a failure to comply with said written agreement, the appellant has failed to pay to appellee any part of said $2,000, or any part of the damages sustained by him. That the appellee's damages are made up of the sum of $2,000 and interest thereon, and the difference in value between the sum of $12,020, the purchase price of the farm, and the sum which the appellee could have obtained for the same by the sale of the farm on the 1st of March, 1920, and aggregating in excess of the sum of $5,000. That the appellant refuses to perform the contract mentioned and declines to complete the sale of the farm and declines to deliver to the appellee a good and sufficient warranty deed therefor, and that by reason thereof the appellant became, in equity, a trustee for the appellee for the sum of money advanced, and interest thereon, and damages in the sum of $5,000; and that the appellee is entitled to a lien on the farm mentioned for the sum advanced, and interest thereon, and the damages and losses by him sustained. The appellant filed an answer to the bill, denying the material averments of the bill but admitting the ownership of the farm referred to. The answer denies that he sold it to the appellee for the price alleged, or for any price, by the written agreement set out in the bill;

the signing of the written contract is admitted, but the appellant denied that it was ever delivered, or its delivery authorized by the appellant, and that it was filed for record without authority from him. The answer also denies that, by virtue of the contract referred to, the appellant had agreed to convey the premises in question, and denies that the appellee ever demanded back the money which he had paid, and avers that the appellant has repeatedly offered the money back and that the appellee has refused to accept the same, and that the suit in assumpsit referred to in the bill is pending but undetermined. The answer also avers, concerning the written contract, that at the time of its execution it was agreed and understood between the parties that the contract was not to be delivered to the appellee but that the appellee was first to procure for the appellant eighty acres of land owned by Harry Hartsell for $275 per acre, or a legal contract from the owner for the purchase of said land; that the contract set out in the bill was not to be delivered until the appellee purchased the Hartsell land, and that the contract was to be held by the Commercial State Bank of Windsor, of which the appellee was an officer, until the Hartsell land had been procured or a contract of purchase therefor; and that upon the failure to procure the Hartsell land, or a contract therefor, the written contract set out in the bill was to be considered of no force or effect. It is further averred that the appellee failed to secure the Hartsell land, or a legal contract for the purchase of the same, but that he fraudulently and wrongfully placed the written contract of record in the recorder's office of Shelby county, and that as soon as the appellant learned the facts he immediately offered back to the appellee the $2,000 and demanded a surrender of the written contract and a release of the same of record, which the appellee refused. The answer also denies that the appellee sustained any damages by virtue of

the alleged refusal of the appellant to comply with the written contract, and denies the right to any damages in this proceeding. The answer also denies that the appellant has refused to perform the contract and that he is and has been at all times ready and willing to pay back to the appellee the $2,000. After answering the bill the appellant filed a cross-bill containing substantially the same averments concerning the matters in controversy which are contained in his answer to the original bill, and offering to pay back the $2,000.00 paid by the appellee, and praying for cancellation and release of record of the written contract, charging that the same is a cloud upon the title of appellant's land; also praying for an injunction to restrain the further prosecution of the suit at law. The appellee filed an answer to the cross-bill and thereafter the suits were consolidated and were heard and determined as one suit. The court after a hearing rendered a decree giving the appellee a judgment for $6,176.16 damages and a finding that the appellee was entitled to a vendee's lien for the $2,000 paid by the appellee on the purchase price of the farm, with interest. From this decree an appeal is prosecuted.

The proof clearly shows that the appellee and appellant entered into a written agreement for the sale of the farm in question on the 10th day of July, 1919, which is the agreement or contract hereinbefore set out and referred to. It is contended by the appellant that there was no delivery of the contract and that therefore it never had any legal force or effect. An examination of the evidence in the record on this point, however, discloses that the proof of delivery is practically conclusive; not only was the contract delivered but was partially performed by the appellee by the payment of the $2,000, which was that part of the purchase price required by the contract to be paid at the execution of the contract; and the proof also shows that the appellant offered to perform the re-

quirements of the contract on his part by offering to deliver to the appellee a warranty deed which was executed and acknowledged by him, conveying the title of the farm in question to the appellee. In this state of the record the appellant is not in position to effectively question the fact of the delivery of the contract. It is contended that the written agreement executed by the parties had no legal force and effect because at the time of its execution the appellant and the appellee had the contemporaneous verbal agreement already referred to, that unless the appellee procured the Hartsell farm for the appellant for $275 per acre the written contract should be held to have no legal force. It is sufficient to point out concerning this contention that the written contract could not be legally avoided or changed or rendered legally ineffective by a contemporaneous verbal agreement, nor could its terms be contradicted or varied thereby. *Davis v. Fidelity Fire Ins. Co.*, 208 Ill. 375; *Boylan v. Cameron*, 126 Ill. App. 432; 13 Corpus Juris, sec. 616, p. 597.

The right and obligations of the parties to this controversy must therefore be determined on the basis of the written contract. Under the terms of this contract, the balance of the purchase money, namely, $10,020, was to be paid by the appellee on March 1, 1920, and the appellant was to convey the farm in question at the same time "by good and sufficient warranty deed and merchantable abstract of title." The proof shows that, at the time, the appellee tendered the balance of the purchase money to the appellant on the day mentioned, and that the appellant tendered to the appellee a warranty deed executed by himself conveying the title of the farm in question to the appellee, but that the appellee refused to accept the warranty deed referred to and to pay the balance of the purchase money therefor because appellant's wife had not joined with him in the execution of the deed, claim-

ing that under the contract he was entitled to a warranty deed in which the appellant's wife had joined, so as to release her rights in the premises. Whether the appellee was entitled to such a deed is the vital question in this controversy. In the case of *Bartak v. Isvolt,* 261 Ill. 279, the Supreme Court passed on the point involved. It is there said:

"It also appears from the affidavits presented that after the rendition of the decree plaintiff in error tendered defendant in error a warranty deed signed only by himself, \* \* \* and that upon the tender of these instruments plaintiff in error demanded that the balance of the purchase money be paid to him, and that the defendant in error refused to accept the deed because it was not signed by the plaintiff in error's wife. \* \* \* Apparently the court below was of the opinion that defendant in error was not required to accept a deed, under his contract, unless it was signed by the wife of plaintiff in error. The wife of plaintiff in error was not a party to the contract and was not bound by its terms, and the court could not require her to sign the deed. Defendant in error accepted this contract signed only by plaintiff in error and had no provision inserted to protect himself from the contingency which has happened. Under these circumstances he is bound to accept the deed tendered him without the wife's signature, and rely on its covenants to protect him against the possible claim of dower that will accrue to the wife should she survive her husband."

To the same effect is *Humphrey v. Clement,* 44 Ill. 299; *Ebert v. Arends,* 190 Ill. 221. See also, *Cowan v. Kane,* 211 Ill. 572. We are of opinion that under the terms of the contract in question, which was executed by the appellant alone, and under the authorities cited, the tender by the appellant of the warranty deed executed by himself was a compliance with the legal requirements of the contract, and the appellee could not legally refuse to perform his part of the contract to pay the balance of the purchase money on

the ground that the deed was not executed by appellant's wife. The case of *Adams v. Pendarvis,* decided by this court (217 Ill. App. 536), referred to by appellee, is not in conflict with the rule of law announced in the cases cited. The provision of the contract upon which the opinion of the court in the *Pendarvis* case was based does not appear in the contract under consideration. When appellee refused to accept the warranty deed tendered and refused to pay the balance due under the contract, appellant had the right to rescind the contract. In appellant's answer and by his cross-bill he has offered to return the $2,000 paid by the appellee and asks for a cancellation of the contract.

For the reasons stated the decree awarding a judgment for damages to the appellee and a vendee's lien for the money paid by him is erroneous and must therefore be reversed. The appellant, under the proof in the record, was entitled to the relief prayed for in his cross-bill, namely, to have the contract canceled, and his obligation thereunder released of record, upon a return of the $2,000 paid to the appellee. The decree is therefore reversed and the cause remanded with directions to dismiss the original bill for want of equity and to enter a decree finding that the appellant is entitled to the relief prayed for in the cross-bill, and that upon a return to the appellee of the $2,000 mentioned, the contract be canceled and discharged of record, and enjoining the further prosecution of the suit at law.

*Reversed and remanded with directions.*