(No. 15235.—Decree affirmed.)

FRANK J. ROST, Appellant, *vs.* DAVID KREMIN, Appellee.

*Opinion filed April 18, 1923.*

1. SPECIFIC PERFORMANCE—*rights of purchaser where vendor's wife does not join in contract for conveyance without incumbrance.* Where a contract for a conveyance free from incumbrance does not provide that the vendor's wife shall join in the conveyance and is not signed by the wife, the purchaser is not compelled to take a deed signed by the husband alone and therefore subject to an inchoate right of dower, but if the purchaser so desires he may compel the vendor to convey the title that he has and may rely on the covenants of the deed for protection against the wife's dower.

2. SAME—*failure to accept deed without wife's signature is not a default.* Although a contract for a conveyance free from incumbrance is not signed by the vendor's wife and does not provide that she shall join in the conveyance, the vendee may refuse a deed from the husband alone without rendering himself liable to default in carrying out his part of the contract, and where suit is instituted by the vendor to set aside the contract after such refusal to accept his deed, the purchaser may change his decision, agree to take the deed, and by cross-bill require the vendor to convey such title as he has.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

O'SHAUGHNESSY & O'SHAUGHNESSY, for appellant.

HAYDEN N. BELL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

A bill was filed by appellant September 14, 1921, to set aside a contract for a warranty deed as a cloud on the title of certain real estate in Chicago and to declare the contract null and void. Appellee answered and filed a cross-bill asking that Rost and his wife should be required specifically to perform the contract. After various pleadings were filed issue was joined, and after hearing the evidence the trial court decreed specific performance in favor of appellee on the cross-bill, requiring appellant to convey such title as he himself had the power to convey and dismissing his bill. From that decree this appeal has been prayed to this court.

By a written agreement dated August 19, 1921, signed by appellant, Frank J. Rost, and appellee, David Kremin, Rost agreed to sell and Kremin agreed to purchase certain improved property located on the south side in the city of Chicago for $40,000, with certain terms annexed which, in view of the dispute here, it is not necessary to set out in detail. The contract appears to contain the provisions of one of the ordinary printed forms of contract for the sale of real estate, providing for bringing down the abstract to date, examination of the title and the curing of defects. A deposit of $500 as earnest money was made and the abstract was examined and the title found satisfactory. On September 13, 1921, appellant tendered a warranty deed executed by himself only, the contract not being signed by his wife nor mentioning her name, and a tender in writing offering an assignment of his interest in certain leases of different apartments in the premises and his interest in fire

and plate-glass insurance, and also offered other adjustments as to the payment of taxes, interest on incumbrances, rents and revenue stamps, in accordance with the terms of the contract for sale, which would be required in order to make the tender good. Appellee refused to accept the warranty deed or accept and join in the other adjustments that were a part of the tender, for the sole reason, apparently, that the appellant's wife had not joined in the deed. Very shortly after this tender was made and refused, appellant filed his bill to remove the cloud caused by appellee having filed the contract in the recorder's office. In the course of the various amendments of the pleadings appellee asked. to have the contract reformed so as to describe the property as lots 16 and 17 instead of merely as lot 16, and also to state that the property was located in township 38, instead of showing, as it did, that it was located in township 39.

The theory of appellant in filing the bill would appear to be that in his tender of September 13, 1921, he had offered to do all things that he was required by the contract to do, and that appellee having refused to accept the deed from Rost only, without the wife's signature, forfeited the $500 which had been deposited under the provisions of the contract as liquidated damages and the contract thereupon ceased to be in effect by the election of appellant. Appellee, when he filed his answer originally, averred therein that the wife of appellant had agreed when the contract was executed that she would join in the execution of the deed, and that appellant could not convey a good and merchantable title, as the contract provided, without her signature to the deed, as there would be an outstanding inchoate right of dower in her. In his cross-bill appellee set up the circumstances of the agreement to purchase the property in question; that one of the conditions of the agreement was that appellant's wife should join in the deed; that the title was then in Rost, and Rost accepted appellee's offer, and the contract in question was drawn, by which appellee was

308—6

to receive a good and merchantable title; that Frances Rost, wife of appellant, did join her husband in a deed conveying the premises to appellee, which she delivered to her husband for delivery to appellee, but which appellant did not deliver or offer to deliver to him at the time the tender was made on September 13, 1921, but withheld it in pursuance of a conspiracy between appellant and his wife to cheat appellee out of his interest in the premises under the contract. The cross-bill averred appellee's willingness to fulfill his obligations as contained in the contract, but that the contract was not consummated because of appellant's refusal to perform his part thereof. Appellant denied the allegations in the cross-bill to the effect that there was any written or oral agreement that the wife should join in a deed, and alleged in his answer to the cross-bill that he had tendered to appellee on September 13, 1921, a deed signed by himself, alone, and an abstract showing a merchantable title such as the contract required, and denied the conspiracy charged against himself and wife as to the wife's refusal to sign the deed. The wife also filed an amended answer to the cross-bill, in which she alleged that she had no knowledge of the execution of the deed until she was so advised by the court proceedings, and denied that she had ever signed a contract or agreed to sign a deed for the conveyance of the premises, and she also set up the Statute of Frauds. In a later amended answer to the cross-bill appellant set up that during the negotiations appellee made an offer to pay $40,000 for the premises, and stated that there would be no obligation, by reason of any broker having shown him the premises, by which appellant would be required to pay a broker's commission, but that appellee made such statement knowing it to be false, as a real estate firm with which appellant had listed the premises had shown them to appellee. As the proceedings thereafter in the trial court make it unnecessary to consider the question as to any payment of commission, it is unnecessary to set out in detail the evi-

dence as to the dispute over that question and the part it might bear on the question whether the contract should be enforced. It also appears from the answer to the cross-bill that appellant tendered to appellee in open court the $500 earnest money and the tender was refused.

It appears without contradiction from the record that the only reason appellee refused to accept the deed tendered by appellant on September 13, 1921, was that it was not signed by appellant's wife, but it appears that during the pendency of the suit appellee changed his attitude in that regard and through his attorney offered to accept the deed from the husband alone, without the wife's signature, if the other adjustments were made as to leases and taxes, etc., as offered on September 13, 1921, when the appellant made the offer to carry out the contract. It may be stated that the evidence seems to show that at the time the contract was signed appellant left the room where they were negotiating, stating that he was going to call his wife on the telephone as to whether she would sign, and came back and told appellee and others present that his wife said she would do anything he wanted her to do in the matter, and at that time the contract was signed and the $500 earnest money paid. But it also seems from the evidence that appellant concedes that he did not talk with his wife and she did not agree over the telephone that she would sign the contract, but that when he came back he said she would sign anything he asked her to sign.

The real question in dispute in this case is whether, having refused to accept the tender made on September 13, 1921, of the deed signed by Rost alone, accompanied by an offer to make all the adjustments required by the contract, appellee would have the legal right to change his refusal during the trial and agree to accept the deed from the husband alone and compel him to thereafter convey the property and make the adjustments required in the contract, as required by the decree of the trial court, and thus under

the rules for specific performance charge appellant with the extra costs of the litigation thereafter incurred. This court has held that if the contract is signed by the husband alone, the wife not joining, the purchaser cannot be compelled by specific performance to accept the deed of the husband alone; that where a party has contracted for a title free of incumbrance he is not required to accept a deed subject to an inchoate right of dower, but if he is willing to accept a part performance by the husband, only, he may do so, and the seller will not be permitted to take advantage of such a defect in the title. (*Cowan* v. *Kane,* 211 Ill. 572.) In *Bartak* v. *Isvolt,* 261 Ill. 279, this court on page 283 quoted with approval from page 234 of *Ebert* v. *Arends,* 190 Ill. 221: "The vendee, in cases like the one at bar, must take his deed without the execution thereof by the wife and rely upon its covenants. If a purchaser of land desires to protect himself against the dower of the vendor's wife he should provide against it in his contract." The doctrine laid down in the *Bartak case* on this question is similar to the other decisions of this court theretofore rendered, and also to the reasoning of this court in *Clark* v. *Jankowski,* 255 Ill. 129.

The reasoning in all these opinions is substantially to the effect that in cases like the one at bar, where the contract of sale does not provide for the wife's signing of the deed conveying the property, the purchaser is not compelled to take the deed signed by the husband alone, but if the purchaser desires to do so he can compel the vendor to convey the title that he has, and then the vendee must rely upon the covenant of the deed of the vendor to protect himself against the wife's dower. In this case, when the vendor originally offered the deed without the signature of the wife the purchaser was not compelled to accept it, and therefore he was not in default at the time appellant filed his bill to set aside the contract of purchase because of the failure to accept the deed from the husband alone. We can see no

way to distinguish this case from the reasoning on this point in *Bartak* v. *Isvolt, supra,* and the other cases herein cited. The purchaser, after the beginning of this suit, could at his option change his decision and agree to take the deed from the husband alone.

The decree of the superior court will therefore be affirmed.

*Decree affirmed.*