**Frances B. Patterson, Appellee, v. Durand Farmers Mutual Fire Insurance Company, Appellant.**

**Gen. No. 9,423.**

Heard in this court at the February term, 1939. Opinion filed January 8, 1940.

GEORGE T. LIDDELL, of Rockford, for appellant.

LATHROP, LATHROP, BROWN, & LATHROP, of Rockford, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

On March 10, 1937 Frances B. Patterson, acting through her husband as agent, applied to the Durand Farmers Mutual Fire Insurance Company for insurance upon a dwelling house located on the land, the title to which at that time was in Sam Schreiber, trustee in bankruptcy of Everett C. Patterson, the husband of said Frances B. Patterson, and on the same day the Insurance Company issued its ordinary fire policy purporting to insure "the inchoate dower right of Frances

B. Patterson against all direct loss and damage by fire and lightning in the amount of Eighteen Hundred Dollars'' on the dwelling house described in the policy. Among other provisions, this policy contained the following: ''This entire policy shall be void unless otherwise provided by agreement in writing (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple.'' The premium upon this policy was $17.63, which was paid. On April 2, 1937 the dwelling house was destroyed by fire and thereafter due proof of loss was furnished the company as provided by the policy. The dwelling was worth $1,800 at the time it was destroyed by fire. Thereafter, the company having refused to pay, this suit was instituted in the circuit court of Winnebago county, resulting in a judgment in favor of the plaintiff for $1,926 and the defendant appeals.

The question for determination is whether appellee, who had an inchoate right of dower in the land upon which the dwelling house which was destroyed by fire stood, had an insurable interest therein. In this State an inchoate right of dower is a mere intangible, contingent expectancy and its value unascertainable. In *Cowan v. Kane,* 211 Ill. 572, it was so held, the court stating that whether the right will ever become more than an expectancy depends upon the wife surviving the husband and this may not occur. In *Bennett v. Bennett,* 318 Ill. 193, our court expressly held that a wife's inchoate right of dower, in an estate in land, does not rise to the dignity of a vested right and before it has been consummated by the death of the husband is a mere expectancy. In the early case of *Summers v. Babb,* 13 Ill. 483, it was stated that the right to dower rests in action only. Before assignment it cannot be aliened by the widow nor sold on execution against her. She may release it to the owner of the fee but can not transfer it to a stranger. It attends the

estate and is only severed from it by assignment and when assigned it then becomes the subject matter of sale and transfer. Bouvier states that it is not such a vested right or interest as cannot be taken away by legislative action and that until the death of her husband, the wife's right of dower is not an interest in real estate of which value can be predicated and in *Shaeffer v. Weed,* 8 Ill. (3 Gilm.) 511, it was held that a wife's claim for dower is not subject to mechanic's liens.

*Humphrey v. Clement,* 44 Ill. 299 was a suit to compel specific performance of a contract for the sale and conveyance of a tract of land. It appeared that the seller tendered a deed which the buyer refused to accept and the reason why he refused to accept it was because the wife of the seller had not released her dower. The chancellor decreed a conveyance upon payment of the purchase price, the decree providing that in case the wife of the seller refused to join in the deed that then the buyer might retain $250 out of the purchase money. The Supreme Court held that the decree in so far as it authorized the retention by the purchaser of $250 as an indemnity against the contingent right of dower was erroneous, the court saying: "In fixing $250, or any other sum, the court is simply making a guess—as mere a guess as if we were to undertake to say, whether a white ball or a black ball would be drawn by lot from an urn containing an equal number of each color. If the husband were dead, the value of the wife's dower might be approximately estimated by the tables of mortality, though even these tables, while furnishing reliable evidence of the value of a considerable number of lives, taken in the aggregate, are but an uncertain guide in fixing the probable duration of any individual life.

"But the fact in the present case, which reduces the decree to a mere guess, is, that the husband is still living, of about the same age and health of the wife,

and, therefore, with at least equal probabilities of surviving, and yet the court must necessarily base its decree on the theory that the wife is to be the survivor. Yet we have no evidence, or indication even, that such will be the fact, and the foundation for the decree is therefore utterly wanting. . . . we regard the decree as wrong in principle. It is an instance in which a court of chancery, in an extreme anxiety to do equity, really does a wrong, for want of the means with which to act. . . . It (the court) can give him (the purchaser) the husband's title, but it cannot compel the wife to release her dower, and it cannot decree compensation when there is no basis whatever for determining the amount.''

Appellee cites and calls to our attention *Firebaugh v. Wittenberg*, 309 Ill. 536; *Ratzman v. Ratzman*, 333 Ill. 461 and other authorities to the effect that an inchoate right of dower is an encumbrance within the meaning of a contract to convey a merchantable title to land and that it is a valuable and substantial right or interest which cannot be divested or prejudiced without the wife's consent, given in the manner provided by law. This is true. Counsel also call our attention to the case of *Doyle v. American Fire Ins. Co.*, 181 Mass. 139 and *Home Ins. Co. v. Mendenhall*, 164 Ill. 458. In this last case it appeared that a policy of insurance was issued by the defendant to J. A. Mendenhall on two dwellings located on 80 acres of land purchased by the father of the plaintiff at a master's sale. At the time of the issuance of the policy, October 27, 1889, the father had not received his deed from the master but had placed his son, the plaintiff, in possession thereof, for whom he had purchased the land, had informed his son that it was his and that he had made a will devising the premises to him. The son continued in possession and received the rents and profits and paid the taxes thereon. On March 5, 1894, during the life of the policy, the buildings were destroyed by fire

and in sustaining a judgment against the company upon its contract of insurance and in favor of the plaintiff, the Supreme Court said that the title of the plaintiff was one in expectancy, but under certain conditions was sure to ripen into one absolute and that where the title of one is such, though not in fee, that he would suffer a loss or damage by the destruction of the premises, he may protect his interest, whatever may be the nature of it, by insurance. The court held that the plaintiff had a reasonable expectancy of inheriting and becoming the owner in fee, that his relation to the property was such that its destruction involved pecuniary loss to him and that therefore he had an insurable interest. "In the case here presented" said the court after referring to numerous authorities, "appellee (plaintiff) did not have a title in fee, but he had such an interest that pecuniary loss would have resulted to him in case of destruction of the premises by fire. The interest he had, such as it was, was fully disclosed to the agent of appellant, and appellant cannot now insist upon a forfeiture for the reason that the title of appellee was not as conditioned in the policy, when the full condition of this title was known to the insurer through its agent."

*Doyle v. American Fire Ins. Co., supra,* was a suit brought by a tenant by curtesy to recover for the loss of a barn and its contents, occasioned by a fire. The title to the land upon which the barn stood was in the wife of the plaintiff and the only interest the plaintiff had was an inchoate right of curtesy. In holding that the plaintiff was entitled to recover the court cited *Harris v. York Mut. Ins. Co.,* 50 Pa. St. 341 where it was held that a tenant by curtesy before the death of the insured's wife had an insurable interest. The court also cited *Clark v. Dwelling-House Ins. Co.,* 81 Me. 373 and *Traders' Ins. Co. of Chicago v. Newman,* 120 Ind. 554 where it was held there could be no recovery. The court then said "We think that the tendency of the

modern decisions is to relax the stringency of some of the earlier cases, and to admit to the protection of the contract all property standing in such a relation to the person seeking insurance that its loss would probably directly affect his pecuniary condition. Under the statutes that we are considering, a tenant by the curtesy initiate has an inchoate right which is recognized and protected by law. Whether in any case it will become vested in a title depends on a contingency. The existence of such a right in real estate which has been conveyed away by the wife is an incumbrance upon the property, within the meaning of the common covenant against incumbrances. A grantee holding such a covenant, who procures a release of the right may recover from his grantor any reasonable sum paid to remove the incumbrance. *Harrington v. Murphy,* 109 Mass. 299. That the vesting of the right in an absolute title depends on a contingency does not affect the fact that it has a prospective value. So long as the right is recognized by the statute, this ought not to prevent the holder of it from bargaining for indemnity against its loss. The statutes in Pennsylvania and Massachusetts differ from those in Maine and Indiana by distinctly recognizing the rights of a tenant by the curtesy by name, while in the latter States tenancy by the curtesy is abolished, and the right of the husband depends on a statute of descent and on a limitation of the wife's right of disposal of her real estate. Under the statutes of the two former States a husband's right by the curtesy cannot be taken by the wife's creditors, either before or after her death. In that respect it is like a wife's right of dower. We are of opinion that under our statutes and decisions, a tenant by the curtesy initiate has an insurable interest in ordinary buildings on his wife's land. It is contended that the value of such an interest in a building at the time of a fire cannot be estimated, and that, therefore, inasmuch as a contract for fire insurance is a contract for indemnity and not for profit, the contract cannot be enforced because the

damages are incapable of assessment. This argument is not without force, and it justifies hesitation in holding such an interest to be insurable. In many cases it would require a balancing of probabilities on very uncertain grounds, but inherently it presents no question different in kind from those that often arise in court when the probable length of a particular life must be ascertained. In deciding it we have to determine the probable length of life of each of two persons. For ordinary cases there are tables in common use. Facts peculiarly affecting individual cases can be shown by testimony. In the case of a young husband in perfect health, whose wife is in the last stages of a disease well known to be fatal, it cannot be held that his inchoate right as tenant by the curtesy of her real estate is valueless, or that there would be great difficulty in determining its value. On principle there is no good reason for saying that such an interest in a husband is not insurable because its value depends upon the probable length of each of two lives. In many cases in which damages must be assessed for personal injuries, there is as much uncertainty as in estimating the present value of an inchoate right by the curtesy. The value of such rights must be determined whenever they come in question in suits upon covenants against incumbrances.''

This opinion recognizes the difficulty of assessing damages in a case like the instant one and states that in many cases it would require the balancing of probabilities. We agree with this statement and also with what was said in *Humphrey v. Clement, supra,* to the effect that if this judgment is to be sustained it must be based upon the theory that appellee is going to survive her husband, and having assumed that the court must then determine the amount of the value of her inchoate right of dower by guess.

In *Harris v. New York Mut. Ins. Co.,* 50 Pa. St. 34, cited and relied upon by the Massachusetts court in *Doyle v. American Fire Ins. Co., supra,* it was held that

under the statutes of that State, a husband as tenant by curtesy had a vested interest in his wife's real estate and not a mere expectancy in the event he survived her and that his interest therein being vested, it was an insurable interest and he could effect a valid insurance thereon in his own name.

In *Clark v. Dwelling-House Ins. Co., supra,* referred to in *Doyle v. American Fire Ins. Co., supra,* it was held that a husband has no insurable interest in his wife's property. After stating that the statutes of Maine had removed the last vestige of the common law marital rights of a husband in the real estate of his wife, the court said: "He would be no more affected by the burning of her house, than he would be by the burning of any house which he was merely occupying rent free, or which he might possibly inherit. It has never been held, as far as we know, that a son has an insurable interest in the property of his father, which he had only a chance of inheriting. Nor has it been held, to our knowledge, that a mere occupier, without any estate, or claim of right has an insurable interest. The burning of this house undoubtedly subjects the plaintiff to inconvenience, and perhaps to the expense of providing another home. So would he, had he been living rent free and at sufferance in the house of his father, or brother, or son, in which he had no estate. While he may be affectionately concerned about his wife's property, we do not see that he has any pecuniary interest in it, legal, equitable, or even ponderable, or which the courts can measure, or which he can insure under our law. We have examined the judicial decisions in other states, holding that a husband has an insurable interest in his wife's property, and we think it will be found in all of them that the husband had by the law some fixed cognizable estate, or interest, in his wife's property, which the wife could not divest. A loss of the property by fire was, in such case, a direct pecuniary loss to the husband. The possible estate the

husband may acquire by descent after the death of his wife, if he survives her, and she be solvent, has no existence before her death. Before her death he has no estate, but only a chance of acquiring one. The wife's right of dower exists in her husband's lifetime, though it is then inchoate; but we know of no case where a wife has attempted to insure such a right.''

''A widow has an insurable interest in land in which she has a dower estate to the value of her dower interest. But the wife in possession with the husband of his property although with inchoate right of dower has no insurable interest therein.'' 26 Corpus Juris 36. In support of the text the author cites *Traders Ins. Co. of Chicago v. Newman,* 120 Ind. 554 which was cited and commented upon in *Doyle v. American Fire Ins. Co., supra.* In that case James M. Newman and Elvira J. Newman, his wife, brought a joint action on an insurance policy issued by the defendant to the husband alone. It appeared in that case that the legal title to the premises upon which the property destroyed was located was in Elvira Newman, the wife, and the court held that the husband, under the law of that State, had no present right of enjoyment and no interest in the rents and profits of his wife's real estate; that all he had was a mere expectancy, and that if a fire destroyed the improvements he met with no pecuniary loss any more than if the marriage relation did not exist between himself and the owner; that inasmuch as the policy was issued to the husband, a right of action thereunder was solely in him, but that inasmuch as he had no insurable interest in the property, the contract of insurance was unenforcible.

This insurance policy did not insure the dwelling which was destroyed by fire but insured appellee against all direct pecuniary loss which she might sustain by reason of its destruction. It was a contract to pay an amount of money equal to the loss appellee has suffered. If she was not legally damaged, she can

maintain no action on the policy. A policy of insurance has been defined as a contract whereby for an agreed premium, one party undertakes to compensate the other for loss on a specific subject, by specific perils. Bouvier Law Dictionary. Indemnity against loss is the essence of a contract of insurance and the undertaking is personal to the insured. The policy is not an insurance of the specific thing without regard to the ownership but is a specific agreement of indemnity with the person insuring against such loss or damage as he may sustain. *Newark Fire Ins. Co. v. Turk,* 6 F. (2d) 533, 43 A. L. R. 496.

In the instant case it was stipulated that the legal title to the land and the dwelling thereon at the time the insurance policy was issued and at the time the dwelling was destroyed by fire was in appellee's husbands' trustee in bankruptcy. She was not living on the land or in the dwelling that was destroyed and had no homestead estate therein. Its condition, its state of repair, its continuance or destruction were matters over which she had no control.

Appellee further insists that appellant by its acts and conduct acknowledged that the appellee had an insurable interest in this property and having accepted the premium from appellee, it is now estopped from denying its liability to pay. An insurable interest at the time of the issuance of a policy of insurance and at the time of the loss are essential to the validity of an insurance policy, 14 R. C. L. 905, 906, and the courts hold that where the insured has no insurable interest, a policy issued to such a person is void as against public policy and where a policy is void, neither a waiver nor estoppel can be invoked. *Agricultural Ins. Co. v. Montague,* 38 Mich. 548.

In the instant case the officers of appellant had no lawful right to pay out the funds of their mutual company in satisfaction of a claim for a loss to a person who had no insurable interest in the property destroyed

and the trial court erroneously rendered judgment in favor of appellee. The judgment of the circuit court of Winnebago county is reversed.

*Judgment reversed.*