**City of Nokomis, Plaintiff-Appellant, v. Richard K. Smith, Defendant-Appellee.**

Gen. No. 66–69.

Fifth District.

August 25, 1966.

Kenneth E. Moss, of Nokomis, and Harold Broverman, Broverman & Broverman, of Taylorville, for appellant.

Michael Frey, of Chicago, and Paul M. Hickman, of Hillsboro, for appellee.

MORAN, J.

This action was prosecuted by the City of Nokomis against Richard K. Smith for the violation of City Ordinance No. 527, which provides in part that "it shall be unlawful for any person, firm or corporation to, at any time hereafter, sell, solicit, or distribute any goods,

wares, or merchandise, including newspapers and magazines, from house to house or from door to door in the City of Nokomis," unless certain information is submitted to the City Clerk.

Richard Smith was engaged in collecting premiums from existing policyholders and interviewing prospective customers for applications for health and accident coverage at the time of his arrest. The court granted the defendant's motion to dismiss the complaint, stating that "the ordinance is vague as to what constitutes solicit," that the defendant's activities were not included within the purview of the ordinance, and that "there is no municipal power in Illinois to regulate or license solicitors" since no such power was granted by the legislature. On appeal, the City of Nokomis argues that it did have the power to enact Ordinance No. 527 and that the collection of premiums and the interviewing of prospective customers constitute the sale, solicitation, or distribution of goods, wares or merchandise within the purview of the ordinance.

■ ■ It has long been recognized in Illinois that the "judicial power to determine the constitutionality of legislation is to be exercised only when it is essential to the disposition of a case." Donoho v. O'Connell's, Inc., 18 Ill2d 432, 164 NE2d 52; Osborn v. Village of River Forest, 21 Ill2d 246, 171 NE2d 579. If the activities of the defendant do not come within the purview of the ordinance, it will be unnecessary to consider the constitutional and statutory authority of the City to enact the ordinance.

Webster's Third New International Dictionary defines "goods" and "wares" as tangible, movable personal property having intrinsic value and "merchandise" as the wares of commerce or as goods which are bought and sold in commerce. In Davis v. Hincke, 264 Ill 46, 105 NE 708, the expression "goods and chattels" was interpreted to extend to "the visible and tangible articles

of personal property of which actual possession may be had and delivered," but not necessarily to "choses in action which are incapable of manual delivery, to promissory notes or other securities which are only evidences of indebtedness, or to money the loan of which passes the title to the particular pieces and only creates an indebtedness from the borrower to the lender." The court went on to hold that the meaning must depend upon the subject matter and the context of the particular statute. In Banta v. City of Chicago, 172 Ill 204, 50 NE 233, the court held that "the phrase 'goods, wares, and merchandise' includes and comprehends shares in the capital stock of incorporated companies, and other securities which are the subject of barter and sale," implying that marketability is essential.

On the other hand, insurance has been defined to be "an agreement by which the insurer, for a consideration, agrees to indemnify the insured against loss, damage, or prejudice to certain property described in the agreement, for a specified period, by reason of specified perils." Barnes v. People ex rel. Moloney, 168 Ill 425, 48 NE 91; Patterson v. Durand Farmers Mut. Fire Ins. Co., 303 Ill App 128, 24 NE2d 740. Health and accident insurance is not something which has marketability and can be the subject of barter and sale in the commercial market. This type of insurance is nothing more than an indemnity against a future loss which may or may not occur. Hence the collection of premiums and the interviewing of prospective customers does not constitute the sale, solicitation, or distribution of goods, wares, or merchandise within the purview of the statute.

The same issues raised on this appeal were considered recently by the Supreme Court of South Dakota in City of Gregory v. Clausen, 78 SD 208, 99 NW2d 833, wherein the court held that, due to the ordinary meaning of the words "goods, wares, merchandise, and insurance," "it

is evident that the ordinance did not apply to the activity of defendant in making house to house solicitations of applications for insurance." We agree.

For the foregoing reasons, the judgment of the Circuit Court of Montgomery County, Illinois is affirmed.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.